IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| ROBERT GOLDSBORO | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. TMD 10-1603M |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION GRANTING PLAINTIFF'S
ALTERNATIVE MOTION FOR REMAND

Robert Goldsboro ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and Title XVI and of the Social Security Act, 42 U.S.C.§§ 401-433, 1381-83(c). Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Pl.'s Mot. Summ., ECF No. 14) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 18). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Plaintiff's Alternative Motion for Remand is GRANTED.

I. Procedural History

Plaintiff filed his applications for DIB and SSI on October 18, 2006 alleging disability since October 2, 2006 on the basis of high blood pressure, heart problems and cardiomyopathy. R. at 96-106, 126. His claims were denied initially and on reconsideration. R. at 56-63, 67-70.

On February 26, 2008, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a Vocational Expert ("VE") testified. R. at 19-51. In a decision dated June 26, 2008, the ALJ denied Plaintiff's request for benefits. R. at 10-17. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-3.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI used the sequential processes set forth in 20 C.F.R. § 404.1520 and § 416.920. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: cardiac/coronary artery disease, status post catheterization in June 2007 and obesity. At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that, given his Residual Functional Capacity ("RFC"), Plaintiff was not capable of performing his past relevant work. At step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, she concluded that Claimant was not disabled. R. at 10-17.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995);

*Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

## IV. Discussion

Plaintiff argues that the ALJ erred by (1) failing to follow the treating physician rule; and (2) not properly considering his sleep apnea, illiteracy and obesity.

### A. Treating Physician Rule

"Although the treating physician rule generally requires a court to accord greater weight to the testimony of the treating physician, the rule does not require that the testimony be given controlling weight." *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). Rather, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig v. Chater,* 76 F.3d 585, 590 (4th Cir. 1996).

Here, Plaintiff argues that the ALJ improperly rejected the opinion of his treating

physician, Dr. De La Rosa. Plaintiff argues that the ALJ should have given greater weight to her opinion that he could perform less than the full range of sedentary work. R. at 368-70. Plaintiff argues that the ALJ incorrectly rejected Dr. De La Rosa's report based on an erroneous finding that she saw Claimant only once. R. at 15.

Based on the record, Plaintiff is correct that Dr. De La Rosa's signature as "provider" appears on four medical reports from Chestertown Family Medicine; and therefore it is fair to assume that she, indeed, saw Claimant on those occasions. R. at 284 (January 9, 2007), R. at 285 (October 17, 2006), R. at 289 (May 17, 2006) and R. at 290 (May 10, 2006). She also signed off on Claimant's bloodwork dated June 12, 2007, R. at 291, and was the attending physician when Claimant was admitted to the Chester River Health System. R. at 291. Additionally, Dr. De La Rosa was provided with multiple reports from Claimant's cardiologist. *See* R. at 235-36 (report dated June 21, 2007);258-59 (report dated July 5, 2007); R. at 271-72 (report dated February 20, 2007); R. at 274-75 (report dated January 18, 2007); R. at 310-11 (report dated January 9, 2008).

In her opinion, the ALJ stated:

> Consideration has also been given to the capacity assessment (by Dr. De La Rosa) at Exhibit 11F and I reject it; the findings therein are completely unsupported by any reference to any testing; and there is only one treatment note in the file from this physician (sic) further note that the Commissioner is the ultimate determiner of both residual functional capacity and disability (Social Security Ruling 96-5p).

R. at 15. While it is undisputed that the Commissioner is the ultimate determiner of RFC and disability, the Court cannot find that the ALJ's reasons for outright rejecting the opinion of Dr. De La Rosa are supported by substantial evidence. As pointed out above, the record clearly indicates

4

that Dr. De. La Rosa saw Claimant on more than one occasion; and additionally, was kept apprised of the reports of specialists. While Dr. De La Rosa may not have cited to any specific testing, her treatment notes support her findings which she did cite in support of the restrictions. In short, the Court cannot hold that the ALJ's findings are supported by substantial evidence.[1]

V. Conclusion

Based on the foregoing, Plaintiff's Alternative Motion for Remand is GRANTED. A separate order shall issue.


Date: December 22, 2011                        _____/s/_____
                                               THOMAS M. DIGIROLAMO
                                               United States Magistrate Judge


Copies to:
Paul Schlitz, Esq.
343 North Charles St.
Baltimore, MD 21201

Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692

---

[1] Because the Court's remand the decision on the basis of the treating physician rule, the Court need not address Plaintiff's alternative argument regarding his sleep apnea, illiteracy and obesity.